Domingo DEL CRISTO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20418.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1964.

Gino P. Negretti, Miami, Fla., for appellant.

Sheldon Krantz, Sp. Atty., Dept. of Justice, Miami, Fla., William A. Meadows, Jr., U. S. Atty., Southern Dist. of Florida, for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

## PER CURIAM.

Appellant was convicted of violating certain provisions of the federal narcotics laws. Appellant contends (1) that the Government failed to prove by a preponderance of the evidence that he was guilty; (2) that appellant had been entrapped; (3) that the court abused its discretion in allowing a government agent to remain in the courtroom after the rule had been invoked; and (4) that appellant was deprived of a fair trial because of remarks of counsel for the Government in his summation to the jury.

After a careful consideration of the entire record, we find to the contrary. We find no merit in the contention of variance between the indictment and allegations and evidence, and of the failure of the Government to make adequate proof of the sales of drugs on which the appellant was convicted.

■ The question of permitting the Government to have a representative ex-

cepted from the Rule is within the sound discretion of the trial judge and we have so held several times.[1]

■ It appears, moreover, that the argument of counsel for the Government was made largely in response to counsel for appellant's argument. For example, the appellant's attorney, in his closing argument, stated:

"I don't believe he [Mr. Krantz] bought that story from the agent. I think he realized that this defendant was caught in a web, that he was not a big fish. * * * I feel confident that you are not convinced that this is the man they wanted. But when they let the other two men go, in order to show on their performance sheet that they had accomplished something after four months of investigation, they grabbed him. * * *"

The argument of the defense that the attorney for the prosecution did not believe this man was guilty, that he was merely doing a job for himself, provoked the retort of the prosecutor that he did believe him to be guilty:

"I want you to realize the fact that if this man is guilty and you let him go, he will go out and sell it again and again. * * *

"My final word, ladies and gentlemen, is my sincere belief—and again I must say that defendant's counsel led you to believe that I don't believe this story, that I am here because I have a job to do—but I believe this man is guilty of the crime charged, or I would not be standing here right now prosecuting him. We do have a dirty duty as prosecutors. * * *"

After a careful examination of the record, we find that the rulings complained of were within the sound discretion of the lower court.

Affirmed.

1. See, e. g., Portomene v. United States, 5 Cir., 1955, 221 F.2d 582; Bostwick v. United States, 5 Cir., 1955, 218 F.2d 790;

Brown v. United States, 5 Cir., 1958, 228 F.2d 286.