On rehearing, though, 216 F.2d 681 (1954), two of the judges indicated that the Supreme Court's decision in *Nugent* had interpreted the law otherwise. We believe their view is the proper one, for had the Supreme Court decided that there had been a reopening, it would necessarily have affirmed our decision in *Packer* on the ground that appellant had been denied his basic statutory right to a personal appearance before the Local Board and to an appeal. By reversing, however, the Court inferentially indicated its view that sending a conscientious objector questionnaire is not, *ipso facto,* a reopening of the registrant's classification.

Vacated and remanded for further proceedings.

was found to be carrying parts of a still. Several subsidiary questions need not be reached by us in view of our determination that, without doubt, the search as conducted by the officers was legal.

The judgment is, therefore, affirmed.

Dorman W. **CHANDLER** and W. Fred Dryden, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 22706.

United States Court of Appeals Fifth Circuit.

Oct. 27, 1966.

Dorman W. **CHANDLER** and W. Fred Dryden, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 22705.

United States Court of Appeals Fifth Circuit.

Oct. 27, 1966.

Harold L. Murphy, Howe & Murphy, Tallapoosa, Ga., for appellants.

Allen L. Chancey, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GODBOLD, Circuit Judges.

PER CURIAM.

The judgment of the trial court is affirmed. We have carefully considered the issue raised with respect to the alleged unlawful search of a truck which

Harold L. Murphy, Howe & Murphy, Tallapoosa, Ga., for appellants.

Allen L. Chancey, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.