**William Fred DRYDEN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25368.

United States Court of Appeals
Fifth Circuit.

March 22, 1968.

William Fred Dryden, pro se.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE and GOLDBERG, Circuit Judges, and HOOPER, District Judge.

PER CURIAM:

This is an appeal from a denial of habeas corpus relief. William Fred Dryden was convicted in 1965 in two separate prosecutions for conspiring to violate and

for violating the internal revenue liquor laws. He appealed both, claiming procedural violations in each case. Both judgments of conviction were affirmed per curiam. Chandler (and Dryden) v. United States, 5 Cir. 1966, 368 F.2d 152 (alleged unlawful search of a truck); Chandler (and Dryden) v. United States, 5 Cir. 1966, 368 F.2d 152–153 (alleged error in trial, i. e., failure to identify a government informer who had not testified). This is Dryden's third try at convincing this court that he should go free because of constabulary error.

■ Dryden urges us to hold that it was error to admit into evidence a tape recording of a telephone conversation between Dryden and W. T. Hagans, a government informer. The recording in question was taken by a government agent with the permission of W. T. Hagans, who was speaking with Dryden. It was taken in the home of Hagans' brother, with whom he lived and in whose name the telephone was listed.

In Carnes v. United States, 5 Cir. 1961, 295 F.2d 598, cert. den., 1962, 369 U.S. 861, 82 S.Ct. 949, 8 L.Ed.2d 19, we held that Section 605 of the Federal Communications Act [1] does not render inadmissible taped recordings of telephone conversations where there is consent of one party to such conversation. See also Blanchard v. United States, 5 Cir. 1966, 360 F.2d 318, 320–321 (and cases cited therein). In Fountain v. United States, 5 Cir. 1967, 384 F.2d 624, 629–631, we reaffirmed this position in light of the Supreme Court's positive application of Fourth Amendment rights to telephone wiretapping. Berger v. State of New York, 1967, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040.

We see no change in course dictated by the Supreme Court's recent decision in Katz v. United States, Dec. 18, 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. In *Katz* the Court was careful to state: "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." 88 S.Ct. at 511, 19 L.Ed.2d at 582. Such a declaration, as it affects voluntary statements made into a telephone receiver, is consistent with the former rule as stated in Rathbun v. United States, 1957, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, 137, and as interpreted in *Carnes, Blanchard,* and *Fountain,* supra. Cf. Dancy v. United States, 5 Cir. Feb. 1, 1968, 390 F.2d 370.

■ In attempting to distinguish the above authority, Dryden asserts in his brief that Hagans was using and tapping a telephone "in a private dwelling without the express permission of the householder in whose name the telephone was listed." Whatever rights Hagans, the non-telephone subscriber, may have violated regarding his brother, Dryden certainly has no standing to complain. Hagans' choice of telephones could not have aggrieved Dryden in any way. See Fed. R.Crim.P. 41(e); Jones v. United States, 1960, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697, 702; Granza v. United States, 5 Cir. 1967, 377 F.2d 746, rehearing denied, 381 F.2d 190; Richardson v. United States, 5 Cir. 1966, 360 F.2d 366, 368; Parr v. United States, 5 Cir. 1958, 255 F.2d 86, 89, cert. den., 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64; Lovette v. United States, 5 Cir. 1956, 230 F.2d 263, 264.

Affirmed.

---

1. "§ 605. Unauthorized publication or use of communications

"* * * [N]o person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; * * * and no person having received such intercepted communication or having become acquainted with the contents, substance, purport, effect, or meaning of the same or any part thereof, knowing that such information was so obtained, shall divulge or publish the existence, contents, substance, purport, effect or meaning of the same or any part thereof, or use the same or any information therein contained for his own benefit or for the benefit of another not entitled thereto: * * *. June 19, 1934, c. 652, Title VI, § 605, 48 Stat. 1103." 47 U.S.C.A. § 605 (1962).