**A. Z. HANDSFORD, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**

No. 24311.

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1968.

Rehearing Denied March 12, 1968.

Certiorari Denied May 20, 1968.
See 88 S.Ct. 1810.

---

Edwin A. Carlisle, Cairo, Ga., A. J. Whitehurst, Thomasville, Ga., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, Chief Judge, and FAHY * and DYER, Circuit Judges.

PER CURIAM:

Appellant was convicted in the Court below on two counts of a six-count indictment. The counts under which Appellant was found guilty charged him with possessing and selling distilled spirits without having the proper tax stamp affixed thereto, in violation of 26 U.S.C.A. § 5205(a) (2), 5604(a). The sole issue presented here is whether the conviction must be reversed because of the admission into evidence of the testimony of federal agents who testified to conversations of the defendant overheard by them through the use of an electronic transmitter concealed on the body of an undercover informer.

The facts show that the undercover agent, McCullough, went to Appellant's house to buy illegal whiskey while other agents remained hidden outside the house watching the events and listening to the conversation over an electronic transmitter planted on McCullough's body. McCullough's testimony concerning the sale of the whiskey by Handsford and the conversation surrounding that sale was fully corroborated by the three agents who had listened to (but not recorded) the conversation. Appellant contends that the testimony of the agents was introduced in violation of the Fourth Amendment as it constituted an unreasonable search and seizure.

To the extent that Appellant objects to the testimony of McCullough, the informer, concerning conversations between himself and Appellant which took place in Handsford's home and to which McCullough was a human, not an electronic, listener, this case is controlled by Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312. In that case the Court held that when a home is converted into a commercial center where outsiders are invited in to transact business, it loses its broad range of constitutional protections. As to the corroboration coming from the electronic transmitting device and the opportunity it afforded for additional "listeners," this case falls before our opinion rendered this day in Dancy v. United States, 5 Cir., 1968, 390 F.2d 370 [1968] and the cases cited therein.

Affirmed.

FAHY, Circuit Judge (dissenting):

I would reverse for reasons similar to those stated in my dissent in Dancy v. United States, 390 F.2d 370, decided this day.

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.