Ruben VELEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25014.

United States Court of Appeals
Fifth Circuit.

June 14, 1968.

---

manner is forbidden by Katz v. United States, 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, has been considered and rejected. Dryden v. United States, 5th Cir. 1968, 391 F.2d 214 [March 22, 1968]; Handsford v. United States, 5th Cir. 1968, 390 F.2d 373, cert. denied, 88 S.Ct. 810, (U.S. May 20, 1968); Dancy v. United States, 5th Cir. 1968, 390 F.2d 370. Appellant's remaining contention that he was entrapped as a matter of law is also without merit. Examination of the record convinces us that under the standards of Beatty v. United States, 5th Cir. 1967, 377 F.2d 181, 186, the district court correctly submitted the issue to the jury and further that the jury could reasonably have concluded there was no entrapment.

Affirmed.

Miguel A. Suarez, Miami, Fla., for appellant.

Donald I. Bierman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and SUTTLE, District Judge.

PER CURIAM:

The issues presented by this appeal from a narcotics conviction have been resolved by prior Fifth Circuit decisions. At the trial, an informer testified as to transactions between appellant and himself and was corroborated by a policeman, who, with the informer's permission, overheard one transaction by means of an electronic transmitting device concealed on the informer's person and another by means of an extension phone. The argument that the use of an electronic transmitter or extension phone in this