Michael **HENLEY** and Annette Henley,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 25993.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1969.

Gerald Kogan, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Morton Orbach, Asst. U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

Appellants Michael and Annette Henley were convicted by a jury of narcotics violations [26 U.S.C. §§ 4704(a) and 4705(a)]. On appeal they complain, first, of the admission of evidence obtained as a result of eavesdropping. At the trial an informer named Turner testified as to a telephone transaction between Michael Henley and himself and was corroborated by a federal narcotics agent who, with the informer's permission, overheard the transaction by means of an extension phone. The argument that eavesdropping over an extension phone in this manner is forbidden by Katz v. U. S., 1967, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 576, has been considered by this Court and rejected. Velez v. U. S., 5th Cir.1968, 397 F.2d 788; Dancy v. U. S., 5th Cir.1968, 390 F.2d 370.

Next, appellants complain that the Government should not be allowed to secure a conviction by means of the uncorroborated testimony of a paid informer who is a convicted felon and narcotics user. The record reflects, however, that the combined testimony of Agent Navarro and Michael Henley himself fully corroborated Turner's testimony. Thus the jury was not required to base its verdict solely on the testimony

of a man who admittedly is not a sterling character.

The record also shows that while Turner was paid his expenses from time to time, there was no contingent fee arrangement between him and the federal agents whereby he would be paid a specified sum to convict a specific suspect. Thus the method of payment was not the kind condemned by this Court in Williamson v. United States, 5th Cir. 1962, 311 F.2d 441.

Finally, it is argued that the Government did not establish a violation of 26 U.S.C. § 4704(a) because there is no evidence that appellants dispensed heroin not in the original stamped package and not from the original stamped package. To the contrary, there was evidence that appellants sold Turner three loose capsules of heroin in their home. From the totality of the negotiations, the jury could reasonably infer that the capsules were illegally dispensed. See Walker v. United States, 5th Cir.1962, 301 F.2d 94.

The judgment of the district court is affirmed.