Charles Raymon **ODEN** and Calvert Allen Lacy, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 26216.

United States Court of Appeals Fifth Circuit.

April 22, 1969.

Rehearing Denied June 10, 1969.

Gerald K. Fugit, Odessa, Tex., for Calvert Allen Lacy.

Edward S. Koppman, court appointed, Dallas, Tex., for Charles Raymon Oden.

Eldon B. Mahon, U. S. Atty., Robert S. Travis, and W. E. Smith, Asst. U. S. Attys., Fort Worth, Tex., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This is an appeal by Charles Oden and Calvert Lacy from a judgment of the District Court sentencing them to a term of imprisonment of five years for violating Title 18, United States Code, Section 2421, commonly known as the Mann Act.

■ Appellant Lacy has appealed on the ground that the trial court erred in failing to grant a severance as to him, contending that the evidence was so overwhelming against Oden that it prejudiced the jury against him. This Court has consistently held that this is a matter within the sound discretion of the trial judge, and his decision will not be overturned unless there is an affirmative showing of abuse of discretion.[1]

■ When the charges against all defendants grow out of the same transactions and may be proved by the same evidence, and the jury is instructed to disregard evidence as to one defendant that does not pertain to the other defendant, the trial court does not abuse its discretion in refusing to grant a severance. Such instructions were given to the jury by the trial judge in this case and, under these circumstances it cannot be said that the trial judge abused his discretion in refusing to grant a severance as to Lacy.

Appellant Oden has appealed on several grounds. First, he urges that he was denied a speedy trial in violation of the Sixth Amendment, Rule 48(b) of the Federal Rules of Criminal Procedure, and the due process clause of the Fifth Amendment.

The offense occurred on February 29, 1964; indictment was returned on July 17, 1967; and trial was commenced on April 8, 1968. The record discloses that the government was unable to locate one of its key witnesses until January, 1968.

In the instant case there is no question that the indictment was returned within the allowable statutory period.[2]

This witness was Ocie Jenkins, the owner and driver for part of the trip of the vehicle which transported the defendants and a woman from Lubbock, Texas to Hobbs, New Mexico for the purpose of prostitution. His testimony was essential for the prosecution of the Government's case.

■ Both this circuit and the eighth circuit have held that the provisions of the Sixth Amendment guaranteeing a speedy trial contemplate undue delay in the prosecution of a pending charge and not the mere delay in the filing of a possible criminal charge.

This court held in Harlow v. United States:[3]

"It is well established that the right to a speedy trial guaranteed by the Sixth Amendment and implemented by Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. does not arise until after a prosecution is instituted against the accused. Any delay occurring between commission of the offense and commencement of prosecution is controlled exclusively by the applicable Statute of Limitations. Hoopengarner v. United States, 6 Cir., 270 F.2d 465."

A fortiori, appellant Oden's contention that he was denied a speedy trial must fall.

1. Milam v. United States, 322 F.2d 104 (CA 5–1963); Garcia v. United States, 315 F.2d 679 (CA 5–1963).

2. 18 U.S.C. § 3282 provides for a five year limitation period between the date of the offense and the return of the indictment. Previously there was only a three year statute of limitations. The 1954 amendment demonstrates the intent of Congress to lengthen the statutory period during which indictments or information may be instituted.

3. 301 F.2d 361 (CA 5–1962), cert. den. 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962); See also Bruce v. United States, 351 F.2d 318 (CA 5–1965); Mack v. United States, 326 F.2d 481 (CA 8–1964), cert. den. 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964).

In United States ex rel. Von Cseh v. Fay,[4] the court stated:

"Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to the defendant, and waiver by the defendant."

Thus, the length of time between date of indictment and date of trial must be viewed with other factors and where, as in instant case, the delay is less than a year and there is no showing of prejudice to the defendant, there is no denial of due process. There is nothing in the record to indicate any dilatory action on the part of any government agency which prejudice appellant in the preparation of his case.

The remaining ground on appeal is whether the trial judge erred in admitting evidence pertaining to various acts of violence committed by Oden on two of the witnesses several months after the alleged interstate transportation of Flakey Jo Goodin Cooper for an immoral purpose.

These acts include the beating of the prostitute with a coat hanger in a shower when she attempted to escape; directing a pistol at another man's head; and the kidnapping, beating, and shooting of Charlie Williams when appellant Oden was unable to locate the prostitute Flakey Jo Goodin Cooper.

In Flanagan v. United States,[5] this court held:

"The evidence complained of related to acts occurring either shortly before or shortly after the offense charged in the indictment, and such evidence is material in the determination of intent, because 'the purpose for which the interstate transportation is undertaken may be inferred from the conduct of the parties within a reasonable time before and after the transportation."

and in Lindsey v. United States,[6] wherein the court noted:

"Because of its relevance, the law recognizes the necessity for safeguards against the use of evidence of prior criminal acts where, in relation to the charge under scrutiny, its use merely tends to prove that the defendant is bad, given to unlawful acts or disposition and, because so disposed, he must be guilty of the act then being tried (citing authority). But where the prior acts bear sufficient similarity to the one under inquiry and are not too remote in point of time, evidence of such prior acts, notwithstanding their criminality, are admissible on the issue of the intent with which an act was done where intent, as such, is a critical ingredient of the offense charged."

An analogous situation existed before this court in the case of Cohen v. United States.[7] In Cohen, evidence of the appellant's acts of misconduct during two marriages, which consisted of securing employment for his wives in houses of prostitution was held admissible to show the intent of the accused to violate the Mann Act. In the instant case, the evidence is not only less remote in point of time but clearly establishes the criminal intent of Oden to violate the Mann Act.

It is therefore clear that evidence of another crime unconnected with the one on trial is admissible when the evidence of the other offense by the accused demonstrates the criminal intent of the accused as to the offense charged when the other offenses are similar to and not too remote in point of time.[8]

As the acts of misconduct of the appellant Oden demonstrated a scheme of criminal intent and were not too remote in point of time, they were properly ad-

4. 313 F.2d 620 (CA 2–1963).

5. 308 F.2d 841 (CA 5–1962).

6. 227 F.2d 113 (CA 5–1955).

7. 120 F.2d 139 (CA 5–1941).

8. Weiss v. United States, 122 F.2d 675, 682 (CA 5–1941) ; see also Cohen v. United States, *supra.*

mitted to show such a scheme or plan to violate the law and to demonstrate the criminal intent of the appellant Oden.

The judgment is affirmed.