A. Z. HANDSFORD, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 26742.

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

Rehearing Denied July 7, 1969.

Reuben A. Garland, Edward T. M. Garland, Garland & Garland, Atlanta, Ga., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a § 2255 motion to vacate judgment.[1] Appellant, A. Z. Handsford, was convicted by a jury on two counts of possessing and selling distilled spirits without having the proper stamps affixed thereto in violation of 26 U.S.C.A. § 5205(a) (2) and § 5604(a). He then perfected a direct appeal to this court in Handsford v. United States, 5 Cir. 1968, 390 F.2d 373 and we affirmed the district court's judgment. Appellant next filed a writ of certiorari in the Supreme Court of the United States, and when his writ was denied, May 20, 1968, 391 U.S. 915, 88 S.Ct. 1810, 20 L.Ed.2d 654, he initiated this action in the district court below. We affirm the court's dismissal of appellant's motion.[2]

---

1. 28 U.S.C.A. § 2255.

2. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

■ Appellant has raised no new issues of law or fact not already presented to this court on direct appeal. See *Handsford, supra.* Nor are we referred to any supervening change in the law that would compel reconsideration of our original opinion in *Handsford.* As we said in that case with respect to appellant's Fourth Amendment claim:

"The facts show that the undercover agent, McCullough, went to Appellant's house to buy illegal whiskey while other agents remained hidden outside the house watching the events and listening to the conversation over an electronic transmitter planted on McCullough's body. McCullough's testimony concerning the sale of the whiskey by Handsford and the conversation surrounding that sale was fully corroborated by the three agents who had listened to (but not recorded) the conversation. Appellant contends that the testimony of the agents was introduced in violation of the Fourth Amendment as it constituted an unreasonable search and seizure.

"To the extent that Appellant objects to the testimony of McCullough, the informer, concerning conversations between himself and Appellant which took place in Handsford's home and to which McCullough was a human, not an electronic, listener, this case is controlled by Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312. In that case the Court held that when a home is converted into a commercial center where outsiders are invited in to transact business, it loses its broad range of constitutional protections. As to the corroboration coming from the electronic transmitting device and the opportunity it afforded for additional 'listeners,' this case falls before our opinion rendered this day in Dancy v. United States, 5 Cir., 1968, 390 F.2d 370 and the cases cited therein." 390 F.2d at 374.

Since our decisions in Dancy v. United States, 5 Cir. 1968, 390 F.2d 370 and *Handsford,* we have reiterated our position that Katz v. United States, 1967,

389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 is not applicable to facts such as those before us. See Koran v. United States, 5 Cir. 1969, 408 F.2d 1321.

■ We have also considered appellant's contention that in addition to his Fourth Amendment rights, the activities of government agents violated his First, Third, Fifth and Ninth Amendment rights in accordance with the zone of privacy concept enunciated in Griswold v. Connecticut, 1965, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510. We find this argument without merit. As we said in Handsford, *supra,* 390 F.2d at 374: "* * * when a home is converted into a commercial center where outsiders are invited in to transact business, it loses its broad range of constitutional protections." See Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed. 2d 312.

A careful examination of appellant's brief reveals no factual dispute that would justify a hearing in the district court. The denial of appellant's motion to vacate made without a hearing is therefore affirmed.

Affirmed.