**UNITED STATES of America, Plaintiff-Appellee,**

v.

**McKinley DURHAM and Lucious Patterson, Sr., Defendants-Appellants.**

**No. 27163**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

June 17, 1969.

Certiorari Denied Oct. 13, 1969.

See 90 S.Ct. 100.

B. Clarence Mayfield, Savannah, Ga., for appellants.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MOR-GAN, Circuit Judges.

PER CURIAM:

█ Appellants were convicted by a jury of selling moonshine whiskey in violation of 26 U.S.C. §§ 5205(a) (2), 5604 (a). The record indicates that they were convicted on the basis of the testimony of an informer who made the purchases. On appeal from their conviction, they allege two errors of constitutional proportions, but we find no basis for reversal.[1]

██ First, it is contended that appellants were denied their sixth-amendment right to a speedy trial by the inordinate delay between the time of the alleged offense and the time of trial. We note at the outset that under our decisions the relevant period of time is that between the indictment, or institution of prosecution, and the trial. Harlow v. United States, 5th Cir. 1962, 301 F.2d 361. Here there was a lapse of fifteen months between indictment and trial, nine of which were devoted to a search by the Government for its key witness, the informer. As most of the delay was occasioned by the disappearance of the key witness, there is no question of any dilatory action on the part of the Government. Moreover, appellants have not shown why the delay resulted in substantial prejudice to their defense. In the absence of a showing of prejudice the contention that they were denied a speedy trial must fall. Oden v. United States, 5th Cir. 1969, 410 F.2d 103; United States v. Collier, 7th Cir. 1966, 362 F.2d 135, 139.

█ Secondly, it is urged that appellants were denied due process by the Government's use of a paid informer. The record indicates that the informer was retained to investigate numerous suspects and that in the end he informed on twenty-two liquor law violators. He was paid $10 per day subsistence and was given a $400 reward for all his work at the end of his employment. There was no evidence of a contingent fee arrangement between him and the federal agents whereby he would be paid a specified sum to convict a specific suspect. Thus, the method of payment was not the kind condemned by this Court in Williamson v. United States, 5th Cir. 1962, 311 F.2d 441. *See* Henley v. United States, 5th Cir. 1969, 406 F.2d 705.

Affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F. 2d 804, Part I.