**360**

**UNITED STATES of America**

v.

**James J. DeORR.**

**Crim. No. 71-310.**

United States District Court,
S. D. Florida,
Miami Division.

Sept. 15, 1971.

Robert W. Rust, U. S. Atty., and Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff.

Theodore Klein, of Fine, Jacobson & Block, Miami, Fla., for defendant.

## ORDER

ATKINS, District Judge.

This cause is before the Court on the motion of the defendant, James J. De-Orr, to dismiss an indictment against him because of the government's alleged delay in securing that indictment and bringing him to trial. Defendant complains that the alleged offenses charged in the indictment occurred from April through December of 1969, that a complaint charging mail fraud was filed in May 21, 1970, that defendant was indicted May 28, 1971, that he was arraigned July 12, 1971, and that trial was set for October 4, 1971. Trial was originally set for September 6, 1971 but was rescheduled at a later date to coincide with the vacation plans of defendant's counsel.

The gist of defendant's argument is that a one year delay between complaint and indictment (during which defendant allegedly petitioned this court for a speedy trial) constitutes unjustified prosecutorial delay and violates the Sixth Amendment when prejudice flows from the delay. Prejudice in this case is said to result from the loss of certain books and records essential to the defense which were destroyed by the storage company having custody of them while defendant was incarcerated in California.

 As the Fifth Circuit made clear recently in interpreting Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970), two elements are necessary before delay reaches constitutional proportions: unjustified and inordinate prosecutorial delay and some prejudice flowing from the delay independent of mere delay itself. Hoskins v. Wainwright, 440 F.2d 69, 71 (5th Cir. 1971). Any resulting prejudice should not be used to magnify the delay to the requisite proportions.

 Unless changed by the recent Supreme Court speedy trial pronounce-

ments in Dickey v. Florida, *supra,* and Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the well-established Fifth Circuit rule, that the right to a speedy trial accrues only once a prosecution is begun, must control. Oden v. United States, 410 F.2d 103, 104 (5th Cir.), cert. denied, 396 U.S. 863, 90 S.Ct. 138, 24 L.Ed.2d 116 (1969); Harlow v. United States, 301 F.2d 361 (5th Cir. 1962); United States v. Durham, 413 F.2d 1003 (5th Cir.), cert. denied, 396 U.S. 839, 90 S.Ct. 100, 24 L.Ed.2d 89 (1969). It has consistently been held that delay between the time of the alleged crime and the indictment is governed only by the applicable Statute of Limitations. *See, e. g.* Oden v. United States, *supra;* United States v. Seay, 432 F.2d 395, 403 (5th Cir. 1970).

This "long standing rule" regarding pre-indictment delay has been reaffirmed in several Fifth Circuit opinions handed down subsequent to the above-mentioned Supreme Court decisions. Kroll v. United States, 433 F.2d 1282, 1286 (5th Cir. 1970), cert. denied, 402 U.S. 944, 91 S.Ct. 1618, 29 L.Ed.2d 112 (1971); Whatley v. United States, 428 F.2d 806, 807 (5th Cir. 1970); United States v. Seay, *supra.* A reading of the Supreme Court cases makes it apparent that they do not upset the Fifth Circuit pre-indictment delay standards.

Smith v. Hooey, *supra,* involving a nine year delay after indictment, does not support defendant's contention. In Dickey v. Florida, *supra,* the defendant was arrested and convicted on federal charges while he was the subject of a state arrest warrant. Under Florida law, the act of securing the arrest warrant tolled the statute of limitations. During his incarceration, he repeatedly demanded a speedy trial in the state court. Seven and one-half years after the alleged crime, an information was filed against Dickey and he was tried soon thereafter. Even without considering the disparities in length of delays, the case sub judice is distinguishable from *Dickey* in that the government here did not toll the Statute of Limita-

tions with an indictment and then drag its heels, as the State in effect did in *Dickey.*

Accordingly, the relevant delays here are approximately six weeks between indictment and arraignment, and twelve weeks (four at the request of defense counsel) between arraignment and trial. These delays, separately and in combination, do not violate the Sixth Amendment right to a speedy trial.

It is therefore ordered and adjudged that the motion to dismiss the indictment be denied.