**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**W. T. GRANT COMPANY, Respondent, Retail Store Employees Union, etc., Intervenor.**

No. 71–1441.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 1972.

William H. DuRoss, III, N.L.R.B., Washington, D. C., Peter G. Nash, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Attys., N.L.R.B., Washington, D. C., on brief, for petitioner.

Robert D. Steinberg, New York City, Robert A. Brown, New York City, on brief, for respondent.

Robert I. Doggett, Smith, Latimer, Doggett & Swing, Cincinnati, Ohio, for intervenor on brief.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

ORDER.

This is a petition for enforcement of an order of the National Labor Relations Board. The order was issued by the Board on August 25, 1970 and reported at 185 N.L.R.B. # 14.

The Board found that §§ 8(a) (1) and 8(a) (3) of the Act had been violated. The Board ordered Respondent to cease and desist from interfering with its employees' Section 7 rights and to offer Employee Emilee Dixon reinstatement with back pay from January 28, 1969.

We believe that substantial evidence on the record as a whole supports the Board's finding that the Respondent's conduct violated §§ 8(a) (1) and 8(a) (3) of the Act. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). We believe, however, that the evidence justifies an award of back pay to Emilee Dixon, only from March 1, 1969 rather than from the earlier date specified in the order. We modify the order accordingly.

As so modified, enforcement of the Board's order is granted.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Boyce ISBELL and Tracy Underwood, Defendants-Appellants.**

No. 71–3392

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 16, 1972.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1,2] United States v. Durham, 5th Cir. 1969, 413 F.2d 1003, cert. denied, 396 U.S. 839, 90 S.Ct. 100, 24 L.Ed.2d 89 (1969).

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

2. Appellant contends that the district court erred in refusing to grant defendants' motions for acquittal based on entrapment at the close of the Government's case and at the close of all the evidence.