**UNITED STATES of America,
Appellee,**

v.

**Fred McKinley MABE, Appellant.**

**No. 12199.**

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1968.

Decided July 23, 1968.

Harrell Powell, Jr., Winston-Salem, N. C., (Court-appointed counsel) [White, Crumpler, Powell & Pfefferkorn, Winston-Salem, N. C., on brief] for appellant.

William H. Murdock, U. S. Atty., (H. Marshall Simpson, Asst. U. S. Atty., on brief) for appellee.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

Appellant Fred McKinley Mabe seeks reversal of his conviction on three counts of a four-count indictment charging him with illegal production and possession of distilled spirits.[1] His appeal is directed solely to the sufficiency of the Government's evidence to prove that he was ever at the site of the still or knew of its operation.

The uncontested facts indicate that pursuant to a concededly valid warrant James Crosswell, a Special Investigator for the Alcohol and Tobacco Division of the Treasury Department, undertook a search of the farm appellant had been renting for approximately two years. Once on the premises, according to Officer Crosswell's testimony, he detected a strong odor of alcohol which he traced to a barn located about one hundred yards from Mabe's residence. Upon entering the barn, he discovered a 250 gallon "submarine still" containing approximately 200 gallons of mash, 23 one-gallon unstamped glass jugs containing distilled spirits and a number of sixty-pound Dixie Crystal Sugar bale wrappers. Immediately in front of the barn and in plain view stood six fifty-gallon barrels of water on a tobacco sled. Officer Crosswell further testified that empty sugar bale wrappers and glass

---

1. More specifically, the indictment charged Mabe with (1) carrying on the business of distilling spiritous liquors without giving the required bond, 26 U.S.C. §§ 5173 and 5601(a) (4); (2) producing distilled spirits at a place not designated according to law, 26 U.S.C. §§ 5222 and 5601(a) (7); (3) distilling spirits without displaying a proper sign,

26 U.S.C. §§ 5180(a) and 5681(a); and (4) possessing distilled spirits in containers not bearing the required stamps evidencing tax payments, 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1).

Defendant was found guilty on counts one, two and four, and received a three-year prison sentence.

jugs smelling of alcohol, identical to those seen at the still, were found in other buildings on Mabe's farm.

In his defense, Mabe insists that he had always thought that the barn, not clearly visible from his house, was in fact located on his neighbor's property. Appellant's lessor, however, testified that he personally pointed out the boundaries of the rented property.

Admittedly the odor of distilled spirits, indicating the presence of a still, was discernible as one approached the barn. Appellant's contention is that, thinking the barn belonged to his neighbor, he had never used it for any purpose and there was no evidence that he was ever near it. One of his own witnesses testified, to the contrary, that a path ran from Mabe's house "right down beside and around the barn" to a vegetable garden appellant maintained on a plot adjacent to the barn.

At oral argument, both parties agreed that the large quantities of ingredients used in operating the still were most likely delivered by motor vehicle. Relying on this, appellant argued that the barn, situated on the border of the farm, was more easily accessible through the adjoining property by means of a road leading from a main highway. The inference to be drawn from this, according to appellant, is that the still was probably operated by unknown third parties who surreptitiously entered his farm.

The record indicates, however, that only the path on his own farm actually ran to the barn. The road on the neighboring property terminated some 150 yards from the still, and the area between the barn and the road, which would, under Mabe's theory, have to be covered by foot, was heavily wooded. Significantly, tractor tracks were detected by Officer Crosswell on the path around the barn and a tractor was observed near appellant's house.

Since Mabe was not at home the day Officer Crosswell discovered the still, the officer returned the following day to make an arrest. As he approached the house, Mabe ran from the back door, and when apprehended denied that he was Fred McKinley Mabe. In fact, not until after he had been placed under arrest did he reveal his true identity.

Viewing the record in the light most favorable to the Government as we must, Moore v. United States, 271 F.2d 564, 568 (4 Cir. 1959); Reynolds v. United States, 289 F.2d 698 (10 Cir. 1961), we find abundant evidence, both direct and circumstantial, to support the trial court's judgment.

Affirmed.