Porter ANDERSON and Preston M.
Southern, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 25750.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1968.

Robert B. Thompson, Gainesville, Ga., for appellants.

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

PER CURIAM:

Appellants assert their Fifth Amendment privilege against self-incrimination as a valid defense to their conviction on charges of the possession of an unregistered distillery (26 U.S.C. Section 5601 (a) (1)); carrying on the business of a distiller without having given bond (26 U.S.C. Section 5601(a) (4)); possession of untaxpaid distilled spirits (26 U.S.C. Section 5604(a) (1)); and the removal of distilled spirits from the place of manufacture without the tax first having been determined (26 U.S.C. Section 5601(a) (12)). On this appeal, the appellants endeavor to bring themselves within the rule of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

In the case of Brown v. United States of America (Oct. 7, 1968), 401 F.2d 769, this Court discussed the issue herein presented. The Court there dismissed the defense of self-incrimination stating:

"As it is, however, we are informed by the government's brief, and it is not disputed, * * * that possession of distilled spirits is legal to some extent in every one of the fifty states of the union. Therefore, we find ourselves in agreement with those district courts in addition to the trial court here, which have held that there is no danger of self incrimination resulting from the requirement of Section 5606(a) (2) and 5604(a) (1) relating to the placing of stamps and taxing of distilled spirits."

We are in full accord with the Brown, supra, decision, and feel that it is controlling in this case.

We find it unnecessary to address ourselves to the matter of timely assertion of the defense of self-incrimination.

The judgment is affirmed.