**O. C. BROWN and Lewis Brown,**
**Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 25008.**

United States Court of Appeals
Fifth Circuit.

Oct. 7, 1968.

Rehearing Denied Nov. 8, 1968.

Glenn Zell, Atlanta, Ga., Brooks Taylor, Crestview, Fla., for appellants.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On this appeal, the appellants seek to bring themselves within the rule of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, in which the Supreme Court held that the accused persons could not be convicted criminally for failure to comply with the statutory requirements requiring them to register and buy a stamp to permit them to engage in the wagering business. These appellants were convicted of having in their possession distilled spirits in containers which did not bear the proper Internal Revenue stamps.

Perhaps if this prosecution had occurred under an appropriate statute that existed during the short life of the Eighteenth Amendment to the United States Constitution, appellants could properly equate their situation to the appellants in Marchetti. As it is, however, we are informed by the government's brief, and it is not disputed, (a matter of which we can take judicial notice) that possession of distilled spirits is legal to some extent in every one of the fifty states of the union. Therefore, we find ourselves in agreement with those district courts in addition to the trial court here, which have held that there is no danger of self incrimination resulting from the requirement of Sections 5205(a) (2) and 5604(a) (1) relating to the placing of stamps and taxing of distilled spirits.

We have also considered the supplementary brief filed *pro se* by the appellant O. C. Brown and find no merit in it.

The judgment was affirmed.