**William Fred DRYDEN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25788.**

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1968.

William Fred Dryden, pro se.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

On May 19, 1965, appellant was convicted of conspiring with six others from January 11, 1963, to April 1, 1963, to defraud the United States of taxes on distilled spirits (18 U.S.C.A. § 371) and conspiring to and violating 26 U.S.C.A. §§ 5601(a) (1), (4), (7) and (8); 5205 (a) (2); 5602; 5604(a) (1); 5691 and 7206. On May 25, 1965, he was con-

---

* Of the First Circuit, sitting by designation.

victed of conspiring with two others from November 1, 1963, to April 1, 1964, to violate 18 U.S.C.A. § 371 and conspiring to and violating 26 U.S.C.A. §§ 5601(a) (1) and (a) (4); 5205(a) (2); 5602; 5604(a) (1); and 7206(4).

Appellant filed a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence for the second conviction, alleging double jeopardy. The District Court denied the motion. We affirm.

 To support a claim of double jeopardy, it must be shown that the two offenses charged are in law and in fact the same offense. United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627; Bacom v. Sullivan, 5 Cir. 1952, 200 F.2d 70; Hattaway v. United States, 5 Cir. 1968, 399 F.2d 431 (1968). Here the two offenses charged are not the same in fact. The first conspiracy existed from January 11, 1963, to April 1, 1963, and the second from November 1, 1963, to April 19, 1964. The facts established that, except for the appellant and one other co-defendant, no other conspirators were common to both conspiracies; that the distilleries in each case were in separate locations; and the first conspiracy was concluded seven months before the second began.

█ Further, the offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other. Ebeling v. Morgan, 1915, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; Bins v. United States, 5 Cir. 1964, 331 F.2d 390. In this case the evidence which proved the first offense would not have in any way established the second,

and vice versa. Two separate conspiracies have been proved; the appellant's claim of double jeopardy is not valid.

█ In his brief on appeal, appellant alleges three additional grounds for consideration which were not presented in his motion to the court below. It is hornbook law that matters not presented in a motion under 28 U.S.C.A. § 2255 to the District Court may not be considered on appeal. Hornbrook v. United States, 5 Cir. 1954, 216 F.2d 112.[1]

The judgment of the District Court is Affirmed.

---

1. We note in passing that appellant's complaints concerning the denial of his motion to suppress in the first conspiracy trial and his right to confront an unidentified informer that did not take the stand were disposed of previously on the direct appeals from his convictions in the two conspiracy trials. Chandler [and Dryden] v. United States, 5 Cir. 1966, 368 F.2d 152 (two cases). Appellant's

contention of compulsory self-incrimination under Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, has been rejected by this Circuit. See Brown v. United States, 5 Cir. 1968, 401 F.2d 769, (1968) and Anderson v. United States, 5 Cir. 1968, 403 F.2d 206, (1968).