**Ford GRANT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25696.**

United States Court of Appeals Fifth Circuit.

Jan. 30, 1969.

Robert B. Thompson, Gainesville, Ga., for appellant.

Charles B. Lewis, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge and AINSWORTH, Circuit Judge, and FULTON, District Judge.

AINSWORTH, Circuit Judge:

Appellant was indicted for conspiring to violate laws relating to the taxation, possession, transportation, removal, and concealment of untaxed liquor, and to the carrying on of the business of a wholesale liquor dealer without having paid the special tax. 18 U.S.C. § 371. A second count charged that appellant and one Samuel P. Young, aided and abetted by each other and persons unknown, possessed nontax-paid whiskey in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1). A jury found appellant guilty on both counts.

Appellant asserts that the evidence is insufficient to support the jury's verdict. In this regard, the principles of law are well settled. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L. Ed. 680 (1942). See also Davis v. United States, 5 Cir., 1967, 385 F.2d 919; Lacaze v. United States, 5 Cir., 1968, 391 F.2d 516; Anthony Esperti v. U. S. A., et al., 5 Cir., 1969, 406 F.2d 148 [No. 25194, Jan. 13]. Where the evidence is circumstantial, it is substantial if " *   * the jury might reasonably find that the evidence excludes every reasonable hypothesis except that of guilt." Davis v. United States, supra, at 921. See also Riggs v. United States, 5 Cir., 1960, 280 F.2d 949, 955; Harper v. United States, 5 Cir., 1969, 405 F.2d 185 [No. 25310, Jan. 9] (per curiam).

The evidence indicates that appellant employed Samuel P. Young to deliver nontax-paid liquor to various customers over a five-month period beginning in January or February 1963. In addition, James Jones made arrangements with the appellant to purchase 10 cases of untaxed whiskey; and subsequently, Jones, in fact, made the purchase. Thus, there was substantial evidence from which the jury could infer that appellant engaged in an unlawful conspiracy, and, indeed, "*   * the testimony place[d] him at the hub of the wheel of events." Grissette v. United States, 5 Cir., 1963, 313 F.2d 187, 190.

The evidence also is sufficient to sustain appellant's conviction on the substantive count of possession of untaxed liquor. On September 6, 1963, appellant drove Robert Brown to a rendezvous point where Brown picked up a 1957 Dodge convertible containing 114 gallons of untaxed liquor. The Dodge convertible had been driven to this location by Young, appellant's employee. Under these circumstances, there was substantial evidence from which the jury could conclude that appellant, through his agents and co-conspirators, had control and dominion over the untaxed liquor. Cf. Teate v. United States, 5 Cir., 1961, 297 F.2d 120, 121.

Appellant maintains that the Fifth Amendment privilege against self-incrimination is a bar to his conviction. See Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). However, the decisions of this Court preclude such a conclusion:

"As it is, however, we are informed by the government's brief, and it is not disputed, *   *   * that possession of distilled spirits is legal to some extent in every one of the fifty states of the union. Therefore, we find ourselves in agreement with those district courts in addition to the trial court here, which have held that there is no danger of self-incrimination resulting from the requirement *   *   * relating to the placing of stamps and taxing of distilled spirits."

Brown v. United States, 5 Cir., 1968, 401 F.2d 769, 770. See also Anderson v. United States, 5 Cir., 1968, 403 F.2d 206; Shoffeitt v. United States, 5 Cir., 1968, 403 F.2d 991.

Finally, appellant's contention that he did not receive a fair trial because of the alleged inexperience of

**58**

counsel, and because of the trial judge's active participation in the questioning of witnesses, is completely without merit. The record indicates that appellant's counsel adequately defended him. Furthermore, appellant misconceives the proper role of a federal trial judge. "He is not a bump on a log, nor even a referee at a prizefight. He has not only the right, but he has the duty to participate in the examination of witnesses when necessary to bring out matters that have been insufficiently developed by counsel." United States v. Ostendorff, 4 Cir., 1967, 371 F.2d 729, 732.

Affirmed.