UNITED STATES of America,
Plaintiff-Appellee,

v.

Tom Jefferson BECK, Defendant-
Appellant.

No. 28755

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1970.

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and CLARK, Circuit Judges.

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

THORNBERRY, Circuit Judge:

Tom Jefferson Beck, defendant-appellant, was indicted, tried before the district court and found guilty by the jury of possessing a distillery and distilling apparatus setup which was not registered as required by 26 U.S.C.A. § 5179; and of carrying on the business of a distiller without having given bond as required by 26 U.S.C.A. § 5173, the charges being in violation of 26 U.S.C.A. §§ 5601(a) (1) and (a) (4) respectively. After the trial, appellant moved for a judgment of acquittal with regard to both counts of the indictment. The court granted the motion with respect to count one, but denied it with respect to count two. From the denial appellant prosecuted this appeal.

The essential facts are as follows: On March 10, 1969, investigators of the Alcohol, Tobacco and Firearms Tax Unit in Dawson County, Georgia, discovered an unregistered distillery about 600 yards from appellant's residence, and tire marks of a tractor located on the appellant's premises appeared on a road leading to his residence. On May 28, 1969, the investigators returned to the location, and at that time the still was mashed in. Tractor marks were again seen leading from the distillery to the residence of appellant. On July 8, 1969, investigators once again visited the location and observed that the distillery had just been operated. Finally, on July 15, 1969, they visited the site again at 11:00 A.M. and ascertained that the unregistered distillery had just been run. From the investigators' estimate the distilling operation would have been completed about two hours before their arrival, at about 9 A.M. At 8:00 P.M. this day, pursuant to a federal search warrant, the investigators searched the premises of the appellant and found 250 pounds of ground corn, a quantity of shelled corn, 190 pounds of sugar, a felt whiskey strainer, dried sprouted corn, parts of an inner tube, a paint brush with green paint, and a 10-gallon doubler barrel. Just before this search, a blue and white Ford appeared at the entrance to the still

road. The driver of the Ford, upon seeing the investigators, backed out of the road and left. This same Ford had been previously seen at the appellant's residence on several occasions.

Expert witnesses of the government testified that the inner tubes found on the premises of Tom Jefferson Beck matched portions of the inner tube utilized at the distillery to seal joints of the unregistered still. These experts further ascertained that paint samples from a galvanized pail found at the distillery were the same as paint samples taken from the paintbrush and the can of paint seized at the appellant's residence. It was also shown that the mash at the unregistered distillery was made from sugar, corn and malt from sprouted corn similar to that seized at the appellant's residence.

The appellant, in defense, introduced witnesses who testified that appellant was not in the still area between 8:00 and 9:00 o'clock on the morning of July 15, 1969, and, therefore, it would have been impossible for the appellant to have moved any distilled spirits suspected to have been manufactured at the unregistered distillery that morning before the investigators appeared at the scene about 11:00 A.M. Appellant also testified that he used some of the items seized in the search for purposes not in any way connected with a still and that he had no knowledge of other of the items.

The defendant-appellant has raised seven points of error in this appeal. We take them up in the order he presented them.

First, he contends that the search warrant utilized to effect the July 15 search was invalid because the supporting affidavit was insufficient to show probable cause. The claim of insufficiency is based on the failure of the affidavit to disclose the exact distance from the distillery to the appellant's premises. Also, appellant complains of the use of the words "premises" and "workway" in the affidavit to describe

appellant's habitat and the road between the still and appellant's dwelling house, which he contends is "too vague." We have examined the supporting affidavit and discovered that it describes in rather colorful detail the appellant's dwelling house and the location of the unregistered distillery "in the rear of the Tom Beck premises." We think this affidavit would clearly satisfy the test set out by the Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), where it is stated that "(t)echnical requirements of elaborate specificity * * * have no proper place in this area." 380 U.S. at 108, 85 S.Ct. at 746.

It is also clear that this warrant issued on a clear showing of probable cause. "Probable cause" requires much less evidence than a finding of guilt requires, and facts similar to these have been held to sustain a *conviction* on charges of illegal production of distilled spirits. United States v. Mabe, 4th Cir. 1968, 400 F.2d 77. *A fortiori* they would sustain the issuance of a warrant. We therefore find no merit to appellant's contention that probable cause was lacking on the issuance of the search warrant herein.

Our ruling on the legality of the search warrant makes it unnecessary to consider appellant's second contention, that without the evidence seized in the July 15 search there was insufficient evidence to sustain a jury verdict. Appellant *further contends, however, that even with the evidence seized in the July 15 search, there is "clearly" insufficient evidence to sustain the jury verdict.* We could not disagree with appellant more. The evidence here satisfies our test for review of jury verdicts. *See* Grant v. United States, 5th Cir. 1969, 407 F.2d 56.

Appellant's next, and fourth, contention is that the evidence does not sustain a finding that appellant was a person required to post bond within the meaning of 26 U.S.C.A. § 5173(b), arguing that it is obvious from this section that only proprietors, and not aiders and abettors, must give bond.[1] To support this contention, appellant cited the case of Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959), but this case is not applicable. It has nothing to do with the federal laws on distilled spirits; moreover, the Supreme Court has held squarely that aiders and abettors come wihin the statute. United States v. Gainey, 380 U.S. 63, 67, 85 S.Ct. 754, 757–758, 13 L.Ed.2d 658 (1965).

The fifth point raised by appellant is that the trial judge failed to charge the jury on the defense of alibi, when he gave instructions on the law of aiding and abetting. As we understand appellant's argument, he feels that it was unfair for the trial judge to instruct the jury on one point without instructing it on the other. Appellant does not cite any authority for this proposition, however, and we know of no rule of law that would render this combination prejudicial.

As a sixth and different point, appellant argues that the requested instruction on his alibi should have been given. We believe, however, that the district court was correct in declining to instruct on the defense of alibi because the appellant's physical presence at the distillery would not have been necessary to a finding of guilt on a charge of carrying on the business of a distiller. *Cf.* Tomlinson v. United States, 1937, 68 App.D.C. 106, 93 F.2d 652, cert. denied, 303 U.S. 646, 58 S.Ct. 645, 82 L.Ed. 1107.

Finally, appellant argues that there was no basis for a jury charge on aiding and abetting since there was no evidence of the involvement of another

---

1. The subsection provides as follows:
   Every person intending to commence or continue the business of a distiller shall give bond in a penal sum of not less than the amount of tax on spirits that will be produced in his distillery during a period of 15 days. * * *

party. Again we disagree. It was the appellant himself who raised the issue necessitating a charge on aiding and abetting, since he offered evidence that he could not have been at the still when the whiskey must have been removed— that is, about 8:00 or 9:00 in the morning. This evidence raised the possibility that someone else might have removed the whiskey, and it was therefore entirely appropriate for the trial judge to instruct the jury on aiding and abetting. Pigman v. United States, 8th Cir. 1969, 407 F.2d 237.

Appellant has raised seven points on this appeal. We have considered them all and find them all wholly without merit.

Affirmed.