**Edward K. DEVLIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 20619.**

United States Court of Appeals, Sixth Circuit.

April 16, 1971.

David R. Hood, Detroit, Mich., court appointed, on brief, for plaintiff-appellant.

William M. Connelly, Toledo, Ohio, for defendant-appellee; Robert B. Krupansky, U. S. Atty., William M. Connelly, Asst. U. S. Atty., Toledo, Ohio, on brief.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant, Edward K. Devlin, appeals from denial, without an evidentiary hearing, of his Section 2255 motion to vacate

sentence. On July 2, 1969, Devlin entered a plea of guilty to an indictment charging him and others with the theft of 851 cases of Cutty Sark scotch whiskey from a shipment which was moving in foreign commerce from Glasgow, Scotland, to Cincinnati, Ohio. His motion alleged that the District Court had no jurisdiction of the subject matter and that his plea of guilty was an involuntary act. District Judge Don J. Young, sitting in the District Court for the Northern District of Ohio, denied the motion without an evidentiary hearing on the basis that the files and records of the case conclusively showed no right to relief.

We affirm.

■ Appellant's jurisdictional argument was made moot by this Court's affirmance on appeal of the conviction of Devlin's codefendants in United States v. Yppolo and United States v. Kelly, Nos. 20,397–98, decided December 16, 1970. It was there argued, as Devlin does here, that the shipment of whiskey was shipped by vessel to Toledo, Ohio, where it was delivered to a consignee to be loaded onto a truck for final delivery to Cincinnati, and that the theft of the loaded truck while it awaited delivery was from intrastate commerce. We held that the character of the shipment as foreign commerce was not altered by its brief interruption for the purpose of transportation by truck to its intended Cincinnati destination.

■ Appellant also maintains that his guilty plea was coerced under duress and threats by the government. The transcript of his pre-plea colloquy with the trial judge, however, belies any hint of involuntariness. After he had consulted with his retained attorney, appellant was personally addressed by the District Judge in compliance with Rule 11, Fed. R.Crim.P. In answer to the judge's inquiries, appellant disclosed his awareness of the maximum penalty he could receive if he entered a plea of guilty. The colloquy makes plain that his plea of guilty was the product of his own free will and desire, without any threats or promises being made; that he did steal the whiskey; and that he believed it to have been part of foreign commerce.

Rule 11 requires the trial judge to satisfy himself that there is a factual basis for the plea and that it is voluntarily and knowingly given. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) the Supreme Court addressed itself to the requirements of Rule 11 and observed:

"Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded an opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will reduce *the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions* that are encouraged, and are more difficult to dispose of, when the original record is inadequate." 394 U.S. at 472, 89 S.Ct. at 1174 (Emphasis supplied.)

The allegations of appellant's 2255 motion are vague and conclusional. He has not alleged facts with sufficient particularity to support a claim of coercion, especially in the face of the disclosures of the pre-plea colloquy. Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

■ With the original motion and the pre-plea colloquy before him, the District Judge did not err in exercising his discretion not to hold an evidentiary hearing. Campbell v. United States, 420 F.2d 963 (5th Cir. 1970); *cf.* Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *See also* Olive v. United States, 327 F.2d 646 (6th Cir. 1964); Schiebelhut v. United States, 357 F.2d 743 (6th Cir. 1966). *But see* Kennedy v. United States, 397 F.2d 16 (6th Cir. 1968); Scott v. United States, 349 F.2d 641 (6th Cir. 1965).

■ Counsel appointed to process his appeal would have us look beyond appellant's original motion in the District Court to the pro se brief filed in this

Court prior to appointment of appellant's counsel and consider that brief as a more specific and detailed account of the basis for his motion. It is familiar law that matters not before the District Court in a 2255 motion will not be considered on appeal. Dryden v. United States, 403 F.2d 1008 (5th Cir. 1968). Appellant has shown us no reason to depart from that general rule, and we decline to follow his appointed counsel's suggestion that we remand the cause to the District Court to allow appellant to expand the allegations of his petition for relief.

The judgment of the District Court is affirmed.