Robert ANDERSON, Plaintiff-Appellee,

v.

LOUISIANA & ARKANSAS RAILWAY
COMPANY, Defendant-Appellant.

No. 31085.

United States Court of Appeals,
Fifth Circuit.

March 31, 1972.

F. Frank Fontenot, Milling, Saal, Benson, Woodward & Hillyer, New Orleans, La., for defendant-appellant.

Orlando G. Bendana, New Orleans, La., for plaintiff-appellee.

Before JONES, BELL and GODBOLD, Circuit Judges.

JONES, Circuit Judge:

In the late evening of October 31, 1968, a switch engine of the Louisiana & Arkansas Railroad Company was being operated in the terminal yards at New Orleans, Louisiana, by C. A. Ledbetter as engineer and Robert Anderson as fireman. An altercation between them resulted in a fight. Ledbetter pulled a revolver from his handbag and pointed it at Anderson. Anderson slumped to the floor of the cab of the locomotive with what turned out to be a disabling stroke. Anderson brought an action against the railroad in the United States District Court under the Federal Employers' Act.[1] A jury awarded Anderson damages of $100,000, reduced by $10,000 by reason of contributory negligence. A judgment against the railroad for $90,000 was entered and the railroad has appealed.

During the trial evidence was admitted showing that the engineer's employment had not been terminated, that the engineer had not been disciplined because of the incident with An-

---

1. Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. 45 U.S.C.A. § 51.

derson, and with respect to whether precautions had been taken to prevent the engineer from continuing to take his gun on the locomotive. The admission of this evidence is asserted by the railroad to be reversible error. The question for determination in this cause by the district court was whether the injury sustained by Anderson was caused by any actionable wrong of the railroad company. It is by the conduct of the railroad prior to and at the time of the injury that its liability must be tested. The evidence of the conduct of the railroad subsequent to the incident from which the injury arose had no relevancy on the question of liability or of damages. The evidence was improper and prejudicial. Such exceptions to this rule as there may be are not applicable here. The admission of the evidence of conduct of the railroad company subsequent to the incident during which Anderson's injury occurred constituted error requiring reversal and a remand for a new trial. See McCormick on Evidence 543, § 252; 2 Jones, Evidence 5th Ed. 720, § 387; II Wigmore on Evidence 3rd Ed. 151, § 283; Pitre v. Employers Liability Assurance Corporation, La.App., 234 So.2d 847.

The railroad company contends that it was deprived of a fair trial by reason of the constant interruptions, excessive examination of witnesses and prejudicial comments of the judge. Because a new trial is necessary on other grounds, no useful purpose would be served by a discussion in detail of the portions of the trial transcript to which counsel has called our attention. Since it is unlikely that the matters of which complaint is made will arise at another trial, the questions raised need not be decided. It is to be kept in mind that the court room is something more than a forensic arena and the trial judge is something more than a referee. Trial counsel should be permitted, within proper bounds, to try his case his own way. While the advocate has the privilege of putting his client's best foot forward, the trial judge has the right and

may have a duty to see that there is no stepping out of line. United States v. Easterly, 5th Cir. 1971, 444 F.2d 1236; Grant v. United States, 5th Cir. 1969, 407 F.2d 56; Baker v. United States, 5th Cir. 1966, 357 F.2d 11.

Because of the error in admitting evidence of conduct occurring after Anderson's injury was sustained, the judgment of the district court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

GODBOLD, Circuit Judge (specially concurring):

I concur in the result but on a different ground. In my opinion the trial judge's examination of witnesses and his comments on the case were such that the defendant railroad was deprived of a fair trial. Presumably these will not recur at a retrial, so I see no purpose to be served in setting them out in a one-judge special concurring opinion.