UNITED STATES of America, Appellee.

v.

Zacherie Leroy CREW, Appellant.

UNITED STATES of America, Appellee.

v.

Dewayne JONES, Appellant.

UNITED STATES of America, Appellee.

v.

Leonard CARTER, Appellant.

Nos. 75–1580 to 75–1582.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1976.

Decided April 8, 1976.

Certiorari Denied Oct. 4, 1976.

See 97 S.Ct. 144.

576

Robert L. Dolbeare, Richmond, Va. [court-appointed counsel] (Obenshain, Hinnant, Dolbeare & Beale, Richmond, Va., on brief), for appellant in 75–1580.

F. Bryon Parker, Jr., Richmond, Va. [court-appointed counsel], for appellant in 75–1581.

J. Thomas McGrath, Richmond, Va. [court-appointed counsel] (Nance, Simmons, Guill, McGrath & Catlett, Richmond, Va., on brief), for appellant in 75–1582.

Rodney Sager, Asst. U. S. Atty., Richmond, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellees in 75–1580, 75–1581 and 75–1582.

Before CRAVEN and WIDENER, Circuit Judges, and JONES, Chief District Judge.*

WOODROW WILSON JONES, Chief District Judge:

In the bill of indictment, Zacherie Leroy Crew, Dewayne Jones, and Leonard Carter were charged in Count I with the robbery of the Meadowood Branch of the Central National Bank in Henrico County, Virginia, on September 26, 1974 in violation of 18 U.S.C. § 2113(a) and (d), in Count II with willfully and unlawfully carrying a firearm during the commission of the robbery in violation of 18 U.S.C. § 924(c)(2), and in Count III with willfully using a firearm in the commission of the robbery in violation of 18 U.S.C. § 924(c)(1). All three defendants were charged as principals, and as accessories under 18 U.S.C. § 2, and were tried together. The jury returned a verdict of guilty against all defendants on each Count and the trial court imposed identical sentences on Crew and Jones of thirteen years on Count I, one year on Count II, and one year on Count III. Carter received fifteen years on Count I and one year each on Counts II and III. All sentences were pronounced under the provisions of 18 U.S.C. § 4208(a)(2) and were to run consecutively.

Although numerous questions are raised in this appeal, we find only those relating to sentencing meritorious. Therefore, it is our conclusion that no substantive defect in trial is to be found in any of these cases, and the convictions should be affirmed. We now proceed to the consideration of whether there is any infirmity in the sentences imposed.

First, appellants Jones and Carter contend that Counts II and III, charging the unlawful carrying and use of a gun in the commission of a felony under Section 924(c), should be dismissed upon the ground that these offenses merged into the armed bank robbery offense contained in Section 2113(d). They concede that Section 924(c) sets forth a separate crime when the related offense makes no statutory provision for the use of a firearm. United States v. Sudduth, 457 F.2d 1198 (10th Cir. 1972); United States v. Vigil, 458 F.2d 385 (10th Cir. 1972); United States v. Ramirez, 482 F.2d 807 (2nd Cir. 1973). However, it is their contention that the armed robbery provisions of Section 2113(d) preclude conviction and sentencing under both Sections 2113(d) and 924(c). They argue that to hold otherwise would violate their constitutional right under the Fifth Amendment to be free from dual punishment for a single offense.

After a careful examination of the statutes and cited authority, we find that Section 924(c) does establish a separate offense from that of armed bank robbery, and hold that a separate sentence under each section was proper.

It is well established that a defendant may be convicted of two separate offenses arising from a single act so long as each requires proof of a fact not essential to the other. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Montgomery v. United States, 146 F.2d 142 (4th Cir. 1944). Expressed another way, it must be shown that the two offenses charged are in law and in fact the same offense before a double jeopardy claim is viable. Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968); Dryden v. United States, 403 F.2d 1008 (5th Cir. 1968). When Section 2113(d) is compared with Section 924(c), it becomes apparent that different elements of proof are required. United States v. Canty, 152 U.S.App.D.C. 103, 469 F.2d 114, 129 (1972).

In order to sustain a conviction under Section 2113(d) the government must establish that the perpetrator assaulted a person, or jeopardized the life of a person, by using a dangerous weapon or device during the commission of the robbery. In comparison, in order to sustain a conviction under Section 924(c) the government must establish that the perpetrator used or carried a firearm during the commission of a felony. The appellants would have us

* Sitting by designation.

equate "using a dangerous weapon or device" with "used or carried a firearm" and find that the prohibition against double jeopardy has been violated. However, it is clear that Congress never intended to equate these terms.

■ The passage of Section 924(c) was a Congressional reaction to demands for "gun control" in the wake of political assassinations. It is a narrowly drawn statute intending to discourage a felon from using or carrying a firearm, and does not encompass the use of nonexplosive weapons. On the other hand, Section 2113(d) punishes a felon for the use of any weapon or device during the course of a bank robbery which jeopardizes the lives of others. Therefore, the offenses are not identical in law and fact, and the separate sentences under Sections 2113(d) and 924(c) are affirmed. However, the challenge of appellant Crew to the bifurcated sentence under Section 924(c)(1) and (2) presents a more troublesome question.

Appellant Crew contends that it was error for the trial court to impose separate sentences under Counts II and III which respectively charge the unlawful carrying of a firearm in the commission of a felony in violation of Section 924(c)(2), and the unlawful use of a firearm in the commission of a felony in violation of Section 924(c)(1). The appellant argues that Section 924(c) was intended to charge only a single crime, and therefore the trial court's "pyramiding" of sentences was improper. On the facts of this case, we agree.

■ From a studied examination of the statutory language and the legislative history of the statute, there is nothing to indicate that the Congress intended to make the carrying of a firearm in the commission of a felony a separate crime from the use of a firearm in the commission of a felony when the carrying is shown to be a part and parcel of its use. Rather, it appears that Congress intended to punish for this lesser act, if the culprit should only carry the firearm during the course of the felony and not use it. See *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d

370 (1957); *Phillips v. United States*, 518 F.2d 108 (4th Cir. 1975); *United States v. Atkinson*, 512 F.2d 1235 (4th Cir. 1975); *United States v. Curry*, 512 F.2d 1299 (4th Cir. 1975).

■ In the case at bar the evidence adduced at trial of the gun's use was exclusively relied upon to show the related crime of "carrying". In such a situation, where a single act is the proof of two offenses set forth in the same subsection, it is our opinion that Congress did not intend for separate sentences to lie. *Cf. Prince v. United States, supra; Phillips v. United States, supra.* See also *United States v. Atkinson, supra; United States v. Curry, supra.* Therefore, upon the facts of this case we conclude that the offense of "carrying" the firearm merged into the offense of "using" the firearm, and that separate sentences under Counts II and III were improper. Upon this basis we remand to the district court for the sole purpose of vacating the sentence under Count II imposed upon each defendant.

Affirmed in part; reversed in part and remanded.