**UNITED STATES of America, Appellee,**

v.

**Victor CUMBERBATCH, Defendant-Appellant.**

**No. 1260, Docket 77–1070.**

United States Court of Appeals, Second Circuit.

Argued June 9, 1977.
Decided Sept. 19, 1977.

---

**50**

Lawrence R. Stern, New York City (Robert Bloom, New York City, of counsel), for defendant-appellant.

Jeremy G. Epstein, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., Frederick T. Davis, Asst. U. S. Atty., S. D. N. Y., New York City, of counsel), for the U. S.

Before FRIENDLY, TIMBERS and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

In February, 1973, four armed men robbed a branch office of The First National City Bank, which was and is federally insured. All four were indicted for bank robbery, bank larceny and armed bank robbery, 18 U.S.C. §§ 2113(a), (b), (d). Two of the robbers, Oscar Washington and Pedro Monges, pled guilty to bank robbery, 18 U.S.C. § 2113(a), and received sentences of eighteen years each. This Court affirmed without opinion. *United States v. Washington*, 490 F.2d 1406 (2d Cir. 1974). A third participant, Raul Estremera, was convicted by a jury on all three counts of the indictment in May, 1975, and received a seventeen year sentence. That conviction was also affirmed by this Court. *United States v. Estremera*, 531 F.2d 1103 (2d Cir.), *cert. denied*, 425 U.S. 979, 96 S.Ct. 2184, 48

L.Ed.2d 804 (1976). Victor Cumberbatch, the appellant here, was named in the indictment as the fourth participant in that robbery.

Cumberbatch could not be tried jointly with Estremera because he was on trial at the time on state criminal charges of murdering a policeman, armed robbery and felonious possession of a weapon. He was convicted of the second and third charges, and received a sentence of eight and one-third to twenty-five years on the robbery count, concurrent with a seven year sentence on the weapons count. He began serving that sentence before the trial in this case.[1]

Before his federal trial began, Cumberbatch was brought from state to federal custody a number of times, generally because his presence was necessary for pre-trial proceedings. The process used for these transfers was a writ of *habeas corpus ad prosequendum*. Before trial, he moved to dismiss the indictment with prejudice, arguing that these transfers violated the Interstate Agreement on Detainers, 18 U.S.C. Appendix, 84 Stat. 1397 (1970). Judge Palmieri, to whom the case was assigned, concluded that the indictment had to be dismissed under our decision in *United States v. Mauro*, 544 F.2d 588 (2d Cir. 1976), *petition for cert. filed*, 45 U.S.L.W. 3824 (U.S. May 13, 1977). Accordingly, he entered an order dismissing the indictment with prejudice on December 13, 1976.

Rather than appeal, the government chose to proceed on a supplemental indictment, returned the previous month, charging conspiracy to commit bank robbery, 18 U.S.C. § 371, and carrying a firearm unlawfully during the commission of a felony, 18 U.S.C. § 924(c)(2). These charges arose out of the same robbery. Upon what can be characterized only as an overwhelming case, the jury convicted Cumberbatch on both counts. Judge Palmieri sentenced him to consecutive terms totaling fifteen years. Cumberbatch now appeals from, *inter alia*, the failure to dismiss the supplemental indictment and the sentence imposed. We affirm.

I.

Cumberbatch's first argument is that the dismissal of the first indictment "with prejudice" required dismissal of the supplemental indictment as well. He argues that any prosecution relating to the same transaction is permanently barred by the dismissal. This contention is without merit.[2]

The dismissal of the first indictment with prejudice can have no greater effect on this case than if Cumberbatch had been tried on the substantive counts and acquitted. The policy behind the Interstate Agreement on Detainers is no stronger than the constitutional protection against double jeopardy.

It is clear that a prosecution for conspiracy following an acquittal on the underlying substantive crime is permissible. Thus, in *United States v. Kramer*, 289 F.2d 909 (2d Cir. 1961), we held that the double jeopardy clause did not bar prosecution for a conspiracy to rob after acquittal on substantive charges of robbery. The Court stated:

> Offenses are not the same for purposes of the double jeopardy clause simply because they arise out of the same general course of criminal conduct; they are the "same" only when "the evidence required to support a conviction upon one of them [the indictments] would have been sufficient to warrant a conviction upon the other." . . . Here the gist of the offenses charged in the first three counts of the indictment in the Eastern District was an agreement, an element not required to be proved to convict on the

---

1. As discussed below, that conviction has been reversed in part.

2. The government argues vigorously that the dismissal of the first indictment was improper because *Mauro*, which it contends to have been wrongly decided, should not be applied retroactively. Because the government failed to appeal, this question is not before us. However, its brief does demonstrate that the government proceeded in complete good faith, and that the discretionary imposition of sanctions under our supervisory power is not warranted.

substantive charges in Connecticut. Hence the prior acquittal of the substantive offenses did not make prosecution for the unlawful agreement double jeopardy, even though the Government had offered evidence of such an agreement in the Connecticut trial. . . . Similarly conviction for receiving, concealing and retaining stolen goods in violation of 18 U.S.C. § 641 would require proof of something other than participation in the theft —indeed, proof of that would be fatal to a conviction for receiving . . . . Hence acquittal of the offenses charged in the first indictment would not support a plea of *autrefois acquit* on the receiving charge even though evidence of possession of stolen property after the burglaries had been offered at the first trial.

*Id.* at 913 (citations omitted). Despite criticism, we have continued to adhere to this rule.[3] *United States v. Cala*, 521 F.2d 605, 607 (2d Cir. 1975). Similarly, prosecution for a violation of § 924(c)(2) would be permissible following an acquittal under § 2113(d). The former requires proof that the defendant was engaged in a felony and was unlawfully carrying a "firearm." The latter requires proof of bank robbery and the use of any "dangerous weapon or device," which is not limited to firearms, *United States v. Crew*, 538 F.2d 575, 577–78 (4th Cir.), *cert. denied*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976); *Perkins v. United States*, 526 F.2d 688, 689–90 (5th Cir. 1976). The "same evidence" test for double jeopardy therefore is not violated. *See Brown v. Ohio*, 432 U.S. 161, 165, 97

S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 150, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). It follows that Judge Palmieri's decision not to dismiss the second indictment was correct.

## II.

■ Cumberbatch claims that his trial violated the Plan For Prompt Disposition of Criminal Cases of the United States District Court for the Southern District of New York ("the plan"). This argument is also without merit.

The government filed its notice of readiness for the dismissed indictment in December, 1973, which was unquestionably timely. Under Rule 5(a)(1) of the plan, this indictment had to be tried by January 1, 1977.

The notice of readiness for the second indictment was filed on the day it was returned. The trial itself began on December 13, 1976. Under Rule 5(d)(2), a superseding or supplemental indictment filed while the original charge is pending must be tried within the period set for the first indictment, here January 1, 1977. Cumberbatch, however, claims that the government's notice of readiness was not timely within the meaning of Rule 7(c). In order to reach this conclusion, appellant assumes that the period for filing the notice of readiness relates back to the first indictment, but that the second notice of readiness does not relate back to the first.

Appellant's argument leads to the absurd conclusion that an indictment which was

---

**3.** The appellant relies on dicta in two cases. In *Hilbert v. Dooling*, 476 F.2d 355 (2d Cir.), *cert. denied*, 414 U.S. 878, 94 S.Ct. 56, 38 L.Ed.2d 123 (1973), which involved dismissal under the Speedy Trial Act, we stated in a footnote:

[T]hough *we need not decide the issue*, the addition of a conspiracy count based on essentially the same transaction would not appear to be legally significant for the purpose of determining whether the charge should be dismissed under Rule 4 of the Prompt Disposition Rules.

*Id.* at 357 n.5 (emphasis added). *Compare United States v. Cala*, 521 F.2d 605 (2d Cir. 1975).

In *United States v. Jacobson*, 547 F.2d 21 (2d Cir. 1976), *cert. denied*, 430 U.S. 946, 97 S.Ct.

1581, 51 L.Ed.2d 793 (1977), Judge Lumbard wrote:

[I]t has been suggested that particularly unfair bifurcations of prosecutions should be prohibited under the double jeopardy clause or under the supervisory power of the federal courts. . . . For example, it would be highly questionable to prosecute a conspiracy charge in addition to, and separately from, any substantive offense committed as part of the conspiracy.

*Id.* at 23 (citations omitted). Even if we were to adopt this tentative dictum, it would have no application to the case at bar, where the substantive counts were never tried.

timely tried must be dismissed because the government was not timely ready. This alone is reason enough to reject the claim. Second, the rule he suggests, if accepted, would make it virtually impossible for the government to employ superseding or supplemental indictments. If, as his argument necessarily implies, no second indictment can be returned after the six-month period of Rule 7(c) has run, the result would be that few such indictments could be brought at all. The Speedy Trial Act and the plan are meant to streamline federal criminal justice, not to hobble it. The best evidence that appellant's interpretation of the plan is incorrect is the text itself. Rule (5)(d)(5) states:

> The time within which an indictment or information must be obtained on the subsequent charge, or within which an arraignment must be held on such charge, shall be determined without regard to the existence of the original indictment or information.

Obviously, such a rule would make little sense if the indictment were immediately subject to attack for failure to file a notice of readiness before the indictment was returned. Finally, dismissal for failure to file a timely notice is discretionary with the trial court under Rule 11(e). Judge Palmieri found that Cumberbatch repeatedly delayed his trial, and indicated that he would not dismiss the indictment even if appellant's construction of the plan were correct. On the record of this case, it is clear that this would have been a proper exercise of discretion.

---

**4.** The text of 18 U.S.C. § 924(c) is as follows:

Whoever—

    (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States or

    (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States. shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for

## III.

■ Appellant argues that his conviction for violation of 18 U.S.C. § 924(c)(2)[4] cannot stand. He relies principally on the decision of the Eighth Circuit in *United States v. Eagle*, 539 F.2d 1166 (8th Cir. 1976), *cert. denied*, 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977). *Eagle* held that a crime which already carries an enhanced penalty for the use of a dangerous weapon cannot serve as the predicate felony for 18 U.S.C. § 924(c). The basis for this holding was that Court's conclusion that Congress did not intend to punish the use of a weapon twice.

The government argues vigorously that *Eagle* was wrongly decided, and should not be followed. We do not decide this issue, however, since *Eagle* is inapplicable to this case. Cumberbatch was not prosecuted for violation of 18 U.S.C. § 2113, which carries an added penalty for the use of a dangerous weapon in subsection (d),[5] but for conspiracy, 18 U.S.C. § 371. Conspiracy, of course, carries no added penalty for the use of a weapon. Thus, *Eagle* is inapplicable by its own terms, and appellant's argument fails.

## IV.

■ Judge Palmieri made an explicit finding that Cumberbatch would not benefit from treatment under the Youth Corrections Act, 18 U.S.C. § 5010 *et seq.*, as required by *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). He also followed the commendable practice of stating his reasons. One of the reasons given was Cumberbatch's propensi-

---

not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

**5.** Appellant's argument leads to the odd conclusion that the ten year consecutive sentence of § 924(c) is preempted by the five year additional sentence provided for in § 2113.

ty for violence, as shown by his state convictions for armed robbery and felonious possession of a weapon. This was also one of the reasons given for imposing the maximum sentence allowed by statute. This is clearly a relevant factor in any sentencing decision. The imposition of this sentence was a proper exercise of discretion.[6]

We have carefully considered appellant's remaining arguments, and find them unworthy of discussion. The judgments of conviction are affirmed.

---

**6.** Appellant's state conviction for armed robbery, but not his conviction for felonious possession of a weapon, was reversed, *People v. Cumberbatch*, Docket Nos. 4331, 4331A (App. Div. 1st Dept. 1977), after sentencing on the federal conviction. We, of course, express no opinion on what action Judge Palmieri should take in the event appellant should seek a reduction of sentence under Fed.R.Crim.P. 35.