40 F.3d 1245
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Alforenzo WALKER, Defendant-Appellant.
 No. 93-5834.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 30, 1994.
Decided November 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-93-84-N)
 Thomas Andrew Lingle, KAESTNER & ASSOCIATES, Richmond, VA, for Appellant. Helen F. Fahey, United States Attorney, Albert D. Alberi, Special Assistant United States Attorney, Virginia Beach, VA, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Alforenzo Walker appeals portions of his convictions related to ten bank robberies and challenges the district court's application of United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c) (Nov.1992). A jury convicted Walker of ten counts of armed bank robbery, 18 U.S.C. Sec. 2113(d) (1988), ten counts of the use of a firearm in the commission of a violent felony, 18 U.S.C. Sec. 924(c)(1) (1988), three counts of possession of ammunition by a convicted felon, 18 U.S.C. Sec. 922(g)(l) (1988), and one count of conspiracy to commit robbery, 18 U.S.C. Sec. 371 (1988).
 
 
 2
 Walker first attacks two of the ten convictions under 18 U.S.C. Sec. 924(c)(1). The evidence at trial regarding the two robberies at issue revealed that Walker carried a BB gun in the commission of these offenses. In its brief, the Government concedes that a BB gun is not a "firearm" for the purposes of 18 U.S.C. Sec. 924(c)(1) and asks that Walker's convictions on Counts Seventeen and Twenty be vacated. Walker cites United States v. Crew, 538 F.2d 575, 578 (4th Cir.), cert. denied, 429 U.S. 852 (1976), for the proposition that a BB gun is not a firearm.[1] Because the Government concedes the issue, the convictions on Counts Seventeen and Twenty are vacated and the case is remanded for resentencing without the convictions on these counts.
 
 
 3
 Similarly, Walker contends that the Government did not produce sufficient evidence to sustain the convictions for five other counts of using a firearm in the commission of a crime of violence. This Court must consider the evidence in the light most favorable to the government and ask whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Vogt, 910 F.2d 1184, 1193 (4th Cir.1990), cert. denied, 498 U.S. 1083 (1991). Walker contends that because the government did not present any firearm at trial in connection with most of the bank robberies, and the Government's eyewitnesses were not specific regarding the type of "gun" they saw, there was not sufficient evidence to convict him of using a firearm during those robberies.
 
 
 4
 This argument is without merit. A conviction under Sec. 924(c)(1) can be sustained solely on the strength of the testimony of lay witnesses unfamiliar with firearms. United States v. Jones, 907 F.2d 456, 460 (4th Cir.1990), cert. denied, 498 U.S. 1029 (1991). No expert testimony is needed. Id. In this case, during testimony on each of the robberies, at least one witness testified to the presence of a gun. Further, Walker's co-defendant testified that Walker carried a gun during each of the robberies when he was present. The co-defendant identified Walker with a gun from bank security photographs at the one robbery when he was not present. The five convictions under 18 U.S.C. Sec. 924(c)(1) that Walker challenges here are supported by sufficient evidence and are therefore affirmed.
 
 
 5
 Walker's final contention on appeal is that the trial court erred in finding that Walker was eligible for Guideline enhancement for his aggravating role in the offense. See U.S.S.G. Sec. 3B1.1(c). The determination that a defendant was an organizer or a leader in the offense is essentially a factual question, which this Court reviews for clear error. United States v. Harriott, 976 F.2d 198, 202 (4th Cir.1992); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 498 U.S. 838, and 498 U.S. 968 (1990).
 
 
 6
 There is no clear error in this case. The trial judge explicitly stated on the record that he found the adding of points for an aggravating role was justified. This conclusion is well supported by the evidence. As to the conspiracy count, Walker's co-defendant testified that Walker approached him about robbing banks and suggested the strategy for the robberies. The co-defendant further stated that he was initially reluctant to become involved, but Walker was persistent and eventually convinced him. It was not clear error for the district court to conclude that Walker had a leadership role in the conspiracy.[2]
 
 
 7
 Neither did the district court commit clear error in adding enhancement points for each of the seven robberies Walker challenges. In each robbery where Walker challenges the enhancement, Walker carried the gun while his co-defendant was the "bag man." This assignment of roles implies that Walker was in charge. Several of the witnesses described Walker as "in command" or as taking control. When there was violence against the bank employees in the course of the robberies, Walker carried it out. Further, considering the pattern of the ten robberies, Walker committed bank robberies whether or not his co-defendant was available. In addition, the presentence investigation report's description of each of the seven robberies clearly supports the conclusion that Walker had an aggravating role in the offenses. See United States v. Terry, 916 F.2d 157, 160-61 (4th Cir.1990) (noting district court did not abuse its discretion by relying on the PSI's description of offense). The district court was justified in applying the Guideline enhancement and the sentences incorporating that enhancement are affirmed.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 
 
 [1]
 While the Crew opinion simply holds that Sec. 924(c) "does not encompass the use of nonexplosive weapons," the Eleventh Circuit has specifically held that for the purposes of the sentencing guidelines a BB gun is not a firearm. United States v. Koonce, 991 F.2d 693, 698 (11th Cir.1993); see also U.S.S.G. Sec. 1B1.1, comment. n. 1(e) (noting BB gun should not be considered a firearm)
 
 
 [2]
 Walker seems to assume that this recruitment phase was the only conduct relevant to the conspiracy charge. Appellant's Br. at 26. The PSI more accurately lists the conspiracy count as applicable to each of the bank robbery counts. See J.A. 301-25. Even if only the recruitment phase is considered, it was not clear error for the district court to assign Walker additional points for an aggravating role in the offense